IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOHN B. HARRIS, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1806-M |
| | § | |
| FOI/PA BRANCH, CIVIL RIGHTS | § | |
| DIVISION, UNITED STATES DEP'T | § | |
| OF JUSTICE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's standing order of reference this case was referred to the United States Magistrate Judge for pretrial management. "Defendant's Motion to Dismiss . . . or in the Alternative, for Summary Judgment," filed June 22, 2007, is before this Court for findings, conclusions, and for recommendation. The Court considered the arguments of the parties in connection with the pleadings and **RECOMMENDS** that the motion for summary judgment be **GRANTED** and that the case be **DISMISSED WITHOUT PREJUDICE**.[1]

**Background**

On October 2, 2006, John B. Harris ("Plaintiff"), filed a Complaint seeking mandamus against the FOI/PA Branch, Civil Rights Division of the United States Department of Justice ("Defendant"). Plaintiff complains that "the agency failed to provide him with access to records or else notify [him] that he has been denied this information and the reason for its denial . . . ." (Compl. ¶ 5.) Defendant contends that the Court lacks subject matter jurisdiction because (1) mandamus

---

[1] Dismissal on jurisdictional grounds alone is not on the merits and permits a plaintiff to pursue his claim in the same or in another forum. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (1977).

does not lie under the facts of this case; and (2) Defendant did not improperly withhold any agency records, but rather, fully complied with Plaintiff's requests for records. Defendant additionally contends that Plaintiff failed to exhaust his administrative remedies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (a)(6)(A)(i), (ii).

## Undisputed Material Facts

1. On July 16, 2006, Plaintiff requested from the United States Department of Justice any records that pertain to "John Bernard Harris." On July 26, 2006, the Civil Rights Division FOI/PA Branch received Plaintiff's request.
( Hermilla Decl. ¶ 5, Def.'s Ex. A.)

2. On July 26, 2006, Defendant conducted a search of the computerized case management system and found no records under the name of John Bernard Harris. (*Id*. ¶ 6.) Defendant notified Plaintiff of the results of its search on July 26, 2007, and of his right to appeal. (*Id*. ¶ 7; Def.'s Ex. B.)

3. On August 4, 2006, Plaintiff sent Defendant a supplemental letter providing additional information about his request. Defendant received the letter on August 11, 2006. Plaintiff also called Defendant and provided a DJ file Number, DJ# 144-9-0. (Hermilla Decl. ¶ 9; Def.'s Ex. C.) The "0" designation in the file number indicates a "general correspondence file number" and that no investigatory file exists. (*Id*.) In other words, the Civil Rights Section of the Justice Department did not open an investigation of Plaintiff. (*Id*.)

4. Pursuant to the August 11, 2006 supplemental request, on September 29, 2006, Defendant sent a letter to Plaintiff with copies of fourteen pages of Civil Rights Documents that were responsive to his request. (Hermilla Decl. ¶ 12, Ex. D.)

5. The September 29, 2006 letter informed Plaintiff of his right to file an administrative appeal to the Office of Information and Privacy if he was dissatisfied with the FOI/PA action. (Def.'s Ex. B.)

6. Plaintiff did not file an administrative appeal. (Hermilla Decl. ¶ 13.)

## Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). If the nonmovant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the nonmovant's case. *Little*, 37 F.3d at 1075. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the nonmovant's case. *Id*. Once the movant meets his burden, the nonmovant must show that summary judgement is not appropriate. *Id*. (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts'. . . by 'conclusory allegations' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Celotex*, 477 U.S. at 324 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the nonmovant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the nonmovant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248. The Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional

power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court should grant a motion to dismiss under FED. R. CIV. P. 12(b)(1) only if the court is certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Pursuant to FED. R. CIV. P. 56, Defendant "factually attacks" this Court's subject matter jurisdiction. The Court, therefore "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). Plaintiff has the burden of proof to show that jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Plaintiff filed this action pursuant to 28 U.S.C. § 1361, seeking a Writ of Mandamus. The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus relief is "a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citing *Will v. United States*, 389 U.S. 90, 95 (1967)). Further, "[a] plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (quoting *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). Moreover, mandamus is available only when a government agent or agency has a duty to do a specific, purely ministerial act. *Dunn-McCampbell Royalty Interest, Inc. v. National*, 112 F.3d 1283, 1288 (5th Cir. 1997). The duty must be plainly

defined, non-discretionary, and free from doubt. *Id*.

Plaintiff makes the conclusory allegation that Defendant owed him a duty to respond to his FOIA request and failed to respond. (Compl. ¶ 19.) Defendant submitted uncontroverted evidence that Plaintiff submitted an initial FOIA request and a supplemental request, and that Defendant responded to both of Plaintiff's requests. (*See* Hermilla Decl.) In response, Plaintiff failed to point to evidence in the record that controverts Defendant's evidence.

Additionally, assuming Defendant had a duty to respond and failed to timely comply with that duty, Plaintiff has failed to demonstrate that he has exhausted other avenues of relief, such as filing an administrative appeal. (*See* Hermilla Decl.) Hence, Plaintiff has not shown that he is entitled to extraordinary relief. The mandamus statute, 28 U.S.C. § 1361, does not confer jurisdiction upon the District Court to consider Plaintiff's complaint.

Similarly, Plaintiff has failed to show subject matter jurisdiction under the FOIA, 5 U.S.C. § 522(a)(4)(B). Jurisdiction in an FOIA suit is based upon the plaintiff's showing that an agency has "improperly withheld agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). The plaintiff has the initial burden of establishing that the court has jurisdiction over claims under the FOIA. *See* FED. R. CIV. P. 8(a)(1); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994). A plaintiff who does not allege any improper withholding of agency records fails to state a claim for which a court has jurisdiction under the FOIA. *See, e.g.*, *Morris v. Dep't of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982). In *Morris*, the plaintiff requested certain records from the Veterans Administration, and the court held that the plaintiff had failed to establish jurisdiction:

> [A]ll records and documents prepared or created which the Veterans Administration maintains on the plaintiff have been disclosed to his attorney upon plaintiff's request.

> Inasmuch as all records or documents have been disclosed, there exists no 'improperly withheld records' within the meaning of § 552(a)(4)(B) . . . and thus no denial of access upon which jurisdiction can be invoked. In the absence of records 'improperly withheld,' this action must be dismissed for want of subject matter jurisdiction under the FOIA.

*Morris*, 540 F. Supp. at 900.

Plaintiff has failed to point to evidence in the record which controverts Defendant's evidence that it did not improperly withhold any agency records. Upon receipt of Plaintiff's first letter on July 26, 2006, Defendant conducted a search, found no records that were responsive, and notified Plaintiff that no records had been found. Upon the receipt of supplemental information from Plaintiff on August 11, 2006, Defendant conducted a thorough search of the agency's records and determined that there were fourteen records responsive to his request. On September 29, 2006, Defendant provided Plaintiff with copies of the fourteen records. The agency has the burden to prove the nonexistence of the improperly withheld records, and the Court finds that Defendant met this burden. Defendant properly produced all fourteen agency records. Plaintiff failed to meet his burden to show subject matter jurisdiction under the mandamus statute or the FOIA.

Additionally, the FOIA requires exhaustion of administrative remedies, with regard to both the timeliness and the adequacy of an agency's response, before a plaintiff may seek judicial review. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993).[2] Plaintiff alleges that he constructively exhausted his administrative remedies because Defendant failed to respond to his request within ten days. The terms of 5 U.S.C.A. § 552(a)(6)(C) permit an individual to file a lawsuit when ten days

---

[2] In *Voinche*, the plaintiff filed a FOIA suit arguing that the Federal Bureau of Investigation had failed to release certain documents pursuant to his FOIA request. *Voinche*, 999 F.2d at 963. The Fifth Circuit affirmed the dismissal of Plaintiff's suit because he "had failed to exhaust his administrative remedies regarding his challenge to the adequacy of the FBI's response to his FOIA request." *Id*.

have passed without a reply from the agency from which records are requested under the FOIA, but that such option exists only to the point in time that the agency actually responds. *Oglesby v. United States*, 920 F.2d 57, 65 (D.C. Cir. 1990). Once the agency has responded, the individual cannot seek judicial review as to any denial until he has exhausted administrative remedies through administrative appeal to the head of the agency. *Id.* In this case, Plaintiff failed to exhaust his administrative remedies under the FOIA and thus is not entitled to relief. Additionally, the agency has established that all responsive records have been released to Plaintiff. Therefore, the action should be dismissed on mootness grounds because there is no justiciable case or controversy. *Voinche*, 999 F.2d at 963 (holding that Plaintiff's "claim was rendered moot by the FBI's response to his request."). Plaintiff failed to submit any evidence to controvert Defendant's evidence that (1) Plaintiff failed to exhaust his administrative remedies and (2) Defendant complied with his request. Viewing the facts most favorably to Plaintiff, he has failed to meet his burden to establish this Court's subject matter jurisdiction and has failed to prove that he exhausted his administrative remedies.

## Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Dismiss or for Summary Judgment, filed June 22, 2007, be **GRANTED**. The Court further

**RECOMMENDS** that the case be **DISMISSED without prejudice for lack of subject matter jurisdiction**.

**SO RECOMMENDED**, this 29th day of August, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND<br>NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).